UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.  18-cv-25203-COOKE/GOODMAN

In re NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## **DEFENDANT'S MOTION TO DISMISS AND STRIKE CERTAIN ALLEGATIONS**

Defendant NCL (Bahamas) Ltd. ("Norwegian") moves to dismiss Plaintiffs' Consolidated Complaint [ECF No. 18] and to strike certain allegations, and states:

## **INTRODUCTION**

Plaintiffs are a consolidated group of former cruise passengers that sailed the Norwegian *Breakaway* in December 2017. They allege psychological injuries in the form of emotional distress after the ship encountered a winter weather system during their cruise. Plaintiffs bring negligence and negligent infliction of emotional distress claims against Norwegian. Plaintiffs' negligence claims assert a list of conflicting and non-existent duties on Norwegian's part. Their negligence claims are internally inconsistent, confusing, and should be dismissed. They also seek punitive damages despite merely bringing claims for ordinary negligence. Lastly, their complaint contains numerous photographs and weather forecasts that should be stricken because Norwegian cannot properly respond to same. As outlined below, Plaintiffs' complaint should be dismissed and certain allegations should be stricken.

## **MEMORANDUM**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do."

*Berry v. Budget Rent A Car Systems, Inc.,* 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although courts must accept as true all allegations contained in the complaint, this tenet is inapplicable to legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1949-1950.

1. **Plaintiffs' shotgun pleading alleges conflicting and incorrect standards of care along with duties and breaches that do not exist as a matter of law.**

Plaintiffs' negligence claims are predicated on nearly 30 separate and discrete alleged failures on Norwegian's part. [ECF No. 18 ¶151]. Many of them are not duties owed at all as a matter of law. Dismissing a complaint for failure to state a claim is appropriate "when it appears that the plaintiff has little or no chance of success, *i.e.*, when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009). "[T]he goal of a pleading, [ ] is to frame the issues and provide a platform for informed pretrial proceedings and discovery management, and facilitating evidentiary admissibility decisions at trial." *Figueroa v. City of Miami Gardens*, 2011 WL 13220768, *3 (S.D. Fla. May 20, 2011). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 377 (11th Cir. 1996).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). One type of shotgun pleading, like

this case, is where a complaint fails to "separate [ ] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 n.13 (11th Cir. 2015). The Eleventh Circuit recently reaffirmed that this pleading style is improper and such complaints should be stricken. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018).

*Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431 (S.D. Fla. June 5, 2012), is instructive. There, a cruise passenger alleged, among other things, a negligence claim against a cruise line stemming from a zip-line excursion accident. According to this Court, the passenger's negligence claim was a "laundry list of breaches by Celebrity [that] proximately caused the injuries he sustained when he slammed into a tree when zip-lining." *Id*. at *4. The cruise line argued, like here, that the passenger's negligence claim was not supported by any facts and that most of the various alleged duties did not exist as a matter of general maritime law. *Id*. at *5.

The *Gayou* court dismissed the passenger's negligence claim. *Id*. In doing so, this Court held that the passenger "alleges a host of breaches, but there are no underlying facts suggesting the requisite actual or constructive knowledge on Celebrity's part." *Id*. In dismissing the complaint, the passenger was further reminded that "any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations." *Id*. at *6 (citing *White v. NCL Am., Inc.*, 2007 WL 414331, *1-2 (S.D. Fla. Feb. 6, 2007).

Similarly, this Court in *Gharfeh v. Carnival Corp.*, 2018 WL 501270 (S.D. Fla. Jan. 22, 2018), 309 F. Supp. 3d 1317, 1333 n.7 (S.D. Fla. 2018), was confronted with an impermissible shotgun pleading. A passenger alleged medical malpractice by the ship's medical staff. 2018 WL

501270 at *1. This Court dismissed based on the shotgun pleading rule where the passenger commingled allegations of vicarious liability, joint venture, and direct negligence. *Id*.

Many other courts in this District have reached a similar conclusion, and dismissed complaints like this one. *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 n.2 (S.D. Fla. 2012); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016); *Flaherty v. Royal Caribbean Cruises, Ltd.*, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, *3 (S.D. Fla. Oct. 27, 2016).

Returning here, it appears Plaintiffs tried to come up with any alleged duty that they could think of that Norwegian might owe them. They claim Norwegian failed to employ an in-house meteorological staff although there is no requirement it do so. [ECF No. 18 ¶151(cc)]. Numerous of their alleged breaches are so vague they are completely meaningless. Plaintiffs contend that Norwegian failed to "promulgate policies and/or procedures aimed at preventing the failure of shipboard systems necessary to ensure the reasonable safety of its passengers[.]" [ECF No. 18 ¶151(x)]. Plaintiffs have negligent training, instruction, and supervision theories of negligence tucked into a single subparagraph without any additional factual detail. [ECF No. 18 ¶151(s)]. In sum, Plaintiffs' negligence claims are predicated on allegations of non-existent duties, meaningless duties, unexplained duties, and conflicting ones. While other courts have not dismissed maritime negligence claims in "line-item" fashion, *e.g., McLaren v. Celebrity Cruises, Inc.*, 2012 WL 1792632 (S.D. Fla. May 16, 2012), the better course is to dismiss since Plaintiffs' negligence claims have so many problems.

Plaintiffs additional allege conflicting and incorrect standards of care. Plaintiffs simultaneously allege that Norwegian owed them a duty of reasonable care under the circumstances and that Norwegian owed a heightened duty of care since the risk-creating

4

condition was peculiar to maritime travel. First, this Court is not required to accept allegations as true that are internally inconsistent. *Campos v. Immigration & Naturalization Serv.*, 32 F. Supp. 2d 1337 (S.D. Fla. 1998). Second and more importantly, the Eleventh Circuit just recently rejected this very same argument.

In *Kressly v. Oceania Cruises, Inc.*, 718 F. App'x 870 (11th Cir. 2017), a cruise passenger alleged the cruise line was negligent after he became injured during rough weather. The passenger "urge[d] this court to adopt a heightened standard of care for vessels when they transport passengers during tumultuous weather." *Id.* at 872. The Eleventh Circuit rejected the argument, holding that cruise lines do not owe a heightened degree of care to protect passengers from uniquely maritime perils. *Id.*

According to the court, "[t]he federal maritime law in this circuit is clear that the owner of a vessel in navigable waters owes passengers a duty of reasonable care under the circumstances." *Id.* (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015)). Further, the Eleventh Circuit rejected the same Ninth Circuit case that Plaintiffs cite here: *Catalina Cruises v. Luna*, 137 F.3d 1422 (9th Cir. 1998). The *Kressly* court held that *Luna* did not announce a rule that a heightened duty of care could apply as it merely clarified that "where the risk is great because of high seas, an increased amount of care and precaution is reasonable." *Kressly*, 718 F. App'x at 872 (quoting *Luna*, 137 F.3d at 1425-26). The standard of care is reasonableness under the circumstances.

Despite this, Plaintiffs' complaint contains nearly a page of legal argument on why a heightened duty of care applies without citing to *Kressly*. Plaintiffs then completely contradict their argument by alleging in the very next paragraph that the standard of care is reasonable care

under the circumstances. [ECF No. 18 ¶149]. This Court should dismiss Plaintiffs' complaint; their allegations of the standard of care are inconsistent and incorrect.

**2.     Plaintiffs are not entitled to allege entitlement to punitive damages for their negligence-based claims.**

The law in the Eleventh Circuit remains that a cruise passenger must prove intentional misconduct to be entitled to pursue punitive damages, something Plaintiffs cannot show. *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. On Sept. 22, 1993*, 121 F.3d 1421, 1428 (11th Cir. 1997); *Terry v. Carnival Corp.*, 3 F. Supp. 3d 1363, 1371 (S.D. Fla. 2014). The *In re Amtrak* court held that:

> [u]nless or until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as willful failure to furnish maintenance and cure to a seaman, intentional denial of a vessel owner to furnish a seaworthy vessel to a seaman and in those very rare situations of intentional wrongdoing.

*Id*. This rule is well-entrenched.

*Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009), did not overrule prior decisions on this issue. "For the Supreme Court to overrule a case, its decision must have 'actually overruled or conflicted with [this court's prior precedent]." *Vega-Castillo*, 540 F.3d at 127 (quoting *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004)). "There is a difference between the holding in a case and the reasoning that supports that holding. . . . Even if the reasoning of an intervening high court decision is at odds with a prior appellate court decision, that does not provide the appellate court with a basis for departing from its prior decision." *Id*. (internal citation omitted).

*Atlantic Sounding* has been routinely over read, and nothing in that opinion should be interpreted as an invitation that punitive damages are now fair game for any maritime claim. The

*Atlantic Sounding* court held that punitive damages could be recovered in a maintenance and cure[1] action because "the Jones Act preserves common-law causes of action such as maintenance and cure and did not limit remedies in those specific actions." *Id*. at 417. The *Atlantic Sounding* court limited its opinion, distinguishing prior cases that did "not address either maintenance and cure actions in general or the availability of punitive damages for such actions." *Id*. at 419.

Norwegian concedes that this Court in *Doe v. Royal Caribbean Cruises, Ltd.*, 2012 WL 920675 (S.D. Fla. Mar. 19, 2012), applied *Atl. Sounding* in the cruise passenger personal injury context. But in the years since that decision, courts have not continued to apply *Atl. Sounding* in such a manner. Indeed, the Eleventh Circuit recently considered *Atl. Sounding* and held that it did not undermine any of this Court's prior decisions. *Petersen v. NCL (Bahamas) Ltd.*, -- F. App'x --, 2018 WL 4214239 (11th Cir. Sept. 5, 2018). Like this case, *Petersen* was a cruise passenger personal injury action. The cruise passenger's spouse sought to recover loss of consortium damages in light of *Atlantic Sounding*. *Id*. at *4. This Court rejected an expansive reading of *Atlantic Sounding*, holding that "nothing in that opinion undermines our holding in *In re Amtrak*." *Id*. Further, there were no "exceptional circumstances" or "intentional misconduct" that would warrant a deviation from *In re Amtrak*. *Id*. While *Petersen* specifically dealt with loss of consortium damages, it limited *Atlantic Sounding* to its facts and otherwise reaffirmed *In re Amtrak*.

Cruise passengers can only recover punitive damages in cases of exceptional circumstances or intentional misconduct, which are not found here. *See id*. Plaintiffs here allege negligence and negligent infliction of emotional distress. Their allegations are not of intentional

---

[1] Maintenance and cure is a general maritime law duty requiring a vessel owner to provide wages, food, lodging, and medical treatment while he is ill or injured in the service of the vessel. *Atlantic Sounding*, 557 U.S. at 407.

misconduct. Plaintiffs cannot pursue punitive damages merely based on allegations of "wanton, willful, outrageous, or reckless" conduct. They allege two negligence-based claims only. This Court should dismiss or strike any allegations or claim/prayer for punitive damages.[2]

### 3. The photographs in Plaintiffs' Complaint should be stricken as improper and immaterial.

The photographs in Plaintiffs' Complaint should be stricken as immaterial because they are improper. The Federal Rules of Civil Procedure are consistent throughout in how they describe pleadings as containing "statements" and "allegations." *See* Fed. R. Civ. P. 8 & 9. That language does not contemplate photographs or other objects. *See Cabot v. Wal–Mart Stores, Inc.,* No. CIV 11-0260 JB/RHS, 2012 WL 1378529, at *2–3, *7 (D.N.M. Apr. 10, 2012). Rule 10, which is titled "Form of Pleadings," addresses exhibits to pleadings and states that: "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The courts that have considered this issue have concluded that the Rules do not contemplate the inclusion of photographs that are not written instruments. For instance, the Third Circuit has stated:

> The case law demonstrates, however, that the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically contracts, notes, and other writings on which a party's action or defense is based.

*See Rose v. Bartle,* 871 F.2d 331, 339 n. 3 (3d Cir. 1989) (internal quotation omitted) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327) (holding that an attached affidavit was not a "written instrument" under Rule 10(c) and thus was not properly

---

[2] This Court in *Doe* discussed whether it was proper to strike or dismiss allegations of punitive damages at all since they are form of relief (not a claim), but seemed to suggest that it was proper in cases, like this one, where punitive damages are a legal impossibility. *Doe*, 2012 WL 920675 at *5.

considered part of the pleadings). Additionally, the Seventh Circuit in *Perkins v. Silverstein,* 939 F.2d 463 (7th Cir. 1991) commented on the complaint before it as follows:

> The newspaper articles, commentaries and editorial cartoons which Perkins attached to the complaint referencing this 'scandal' are not the type of documentary evidence or 'written instruments' which Fed. R. Civ. P. 10(c) intended to be incorporated into, and made a part of, the complaint.

*Id.* at 467 n. 2 (citing 5 Wright & Miller § 1327); *see also Cabot,* 2012 WL 1378529, at *8 (photographs are not "written instruments" contemplated by Rule 10(c)).

Additionally, there is no meaningful way for Norwegian to respond to the photographs in the Complaint. Since there is no pictorial equivalent within the Federal Rules of Civil Procedure that would allow Norwegian to respond or answer in kind, Norwegian would be left to admit or deny the contents of unauthenticated photographs and forecasts. The photographs in the Complaint are improperly included and should be stricken.

## CONCLUSION

This Court should dismiss Plaintiffs' complaint. Plaintiffs allege meritless theories of negligence along with inconsistent and incorrect standards of care in shotgun fashion. Plaintiffs additional allege entitlement to punitive damages although they cannot pursue same for negligence. Plaintiffs' addition of photographs and weather forecasts in the complaint was improper and should be stricken.

WHEREFORE, Norwegian requests the Court grant the motion and all other relief it deems just and proper.

CASE NO. 18-cv-25385-JG

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:     /s/ *William Seitz*
         CURTIS J. MASE
         Florida Bar No.: 478083
         cmase@maselaw.com
         WILLIAM R. SEITZ
         Florida Bar No.: 73928
         wseitz@maselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2019, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record.

         */s/ William R. Seitz*
         WILLIAM R. SEITZ

CASE NO. 18-cv-25385-JG

## SERVICE LIST
## In re NCL (Bahamas) Ltd.
## Case No. 18-cv-25203-GOODMAN

**Counsel for Plaintiffs from *Wilson*  Consolidated Case**

Ernesto Santos, Esq.
Halpern Santos & Pinkert, P.A.
150 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Tel: (305) 445-1111
Fax: (305) 445-1169
ernesto@hsptrial.com
frank@hsptrial.com
paola@hsptrial.com

**Counsel for Plaintiffs from Remaining Consolidated Cases**

Glenn J. Holzberg, Esq.
Holzberg Legal
7685 SW 104th Street
Miami, FL 33156
Tel: (305) 668-6410
Fax: (305) 667-6161
Glenn@holzberglegal.com
Louis@holzberglegal.com

**Counsel for Plaintiffs from *Vitale* Consolidated Case**

Michael A. Winkelman, Esq.
Jason Margulies, Esq.
Marc Weiner, Esq.
Daniel W. Grammes, Esq.
Lipcon, Margulies, Alsina & Winkleman, P.A.
One Biscayne Tower
2 South Biscayne Blvd, Suite 1776
Miami, FL 33133
Tel: (305) 373-3016
Fax: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
mweiner@lipcon.com
dgrammes@lipcon.com

19225/676