UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.  18-cv-25203-GOODMAN

In re NCL (BAHAMAS) LTD.,

     Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant, NCL (Bahamas) Ltd. ("Norwegian"), responds to and defends the allegations

set forth in Plaintiffs' Second Amended Complaint [ECF No. 31] as follows[1]:

## JURISDICTION AND PARTIES

1.     Norwegian does not have knowledge of the allegations; therefore, denied.

2.     Norwegian does not have knowledge of the allegations; therefore, denied.

3.     Norwegian does not have knowledge of the allegations; therefore, denied.

4.     Norwegian does not have knowledge of the allegations; therefore, denied.

5.     Norwegian does not have knowledge of the allegations; therefore, denied.

6.     Norwegian does not have knowledge of the allegations; therefore, denied.

7.     Norwegian does not have knowledge of the allegations; therefore, denied.

8.     Norwegian does not have knowledge of the allegations; therefore, denied.

9.     Norwegian does not have knowledge of the allegations; therefore, denied.

10.     Norwegian does not have knowledge of the allegations; therefore, denied.

11.     Norwegian does not have knowledge of the allegations; therefore, denied.

12.     Norwegian does not have knowledge of the allegations; therefore, denied.

---

[1] All allegations not expressly admitted by Norwegian are hereby denied.

13.    Norwegian does not have knowledge of the allegations; therefore, denied.

14.    Norwegian does not have knowledge of the allegations; therefore, denied.

15.    Norwegian does not have knowledge of the allegations; therefore, denied.

16.    Norwegian does not have knowledge of the allegations; therefore, denied.

17.    Norwegian does not have knowledge of the allegations; therefore, denied.

18.    Norwegian does not have knowledge of the allegations; therefore, denied.

19.    Norwegian does not have knowledge of the allegations; therefore, denied.

20.    Norwegian does not have knowledge of the allegations; therefore, denied.

21.    Norwegian does not have knowledge of the allegations; therefore, denied.

22.    Norwegian does not have knowledge of the allegations; therefore, denied.

23.    Norwegian does not have knowledge of the allegations; therefore, denied.

24.    Norwegian does not have knowledge of the allegations; therefore, denied.

25.    Norwegian does not have knowledge of the allegations; therefore, denied.

26.    Norwegian does not have knowledge of the allegations; therefore, denied.

27.    Norwegian does not have knowledge of the allegations; therefore, denied.

28.    Norwegian does not have knowledge of the allegations; therefore, denied.

29.    Norwegian does not have knowledge of the allegations; therefore, denied.

30.    Norwegian does not have knowledge of the allegations; therefore, denied.

31.    Norwegian does not have knowledge of the allegations; therefore, denied.

32.    Norwegian does not have knowledge of the allegations; therefore, denied.

33.    Norwegian does not have knowledge of the allegations; therefore, denied.

34.    Norwegian does not have knowledge of the allegations; therefore, denied.

35.    Norwegian does not have knowledge of the allegations; therefore, denied.

36.    Norwegian does not have knowledge of the allegations; therefore, denied.

37.    Norwegian does not have knowledge of the allegations; therefore, denied.

38.    Norwegian does not have knowledge of the allegations; therefore, denied.

39.    Norwegian does not have knowledge of the allegations; therefore, denied.

40.    Norwegian does not have knowledge of the allegations; therefore, denied.

41.    Norwegian does not have knowledge of the allegations; therefore, denied.

42.    Norwegian does not have knowledge of the allegations; therefore, denied.

43.    Norwegian does not have knowledge of the allegations; therefore, denied.

44.    Norwegian does not have knowledge of the allegations; therefore, denied.

45.    Norwegian does not have knowledge of the allegations; therefore, denied.

46.    Norwegian does not have knowledge of the allegations; therefore, denied.

47.    Norwegian does not have knowledge of the allegations; therefore, denied.

48.    Norwegian does not have knowledge of the allegations; therefore, denied.

49.    Norwegian does not have knowledge of the allegations; therefore, denied.

50.    Norwegian does not have knowledge of the allegations; therefore, denied.

51.    Norwegian does not have knowledge of the allegations; therefore, denied.

52.    Norwegian does not have knowledge of the allegations; therefore, denied.

53.    Norwegian does not have knowledge of the allegations; therefore, denied.

54.    Norwegian does not have knowledge of the allegations; therefore, denied.

55.    Norwegian does not have knowledge of the allegations; therefore, denied.

56.    Norwegian does not have knowledge of the allegations; therefore, denied.

57.    Norwegian does not have knowledge of the allegations; therefore, denied.

58.    Norwegian does not have knowledge of the allegations; therefore, denied.

59.     Norwegian does not have knowledge of the allegations; therefore, denied.

60.     Norwegian does not have knowledge of the allegations; therefore, denied.

61.     Norwegian does not have knowledge of the allegations; therefore, denied.

62.     Norwegian does not have knowledge of the allegations; therefore, denied.

63.     Norwegian does not have knowledge of the allegations; therefore, denied.

64.     Norwegian does not have knowledge of the allegations; therefore, denied.

65.     Norwegian does not have knowledge of the allegations; therefore, denied.

66.     Norwegian does not have knowledge of the allegations; therefore, denied.

67.     Norwegian does not have knowledge of the allegations; therefore, denied.

68.     Norwegian does not have knowledge of the allegations; therefore, denied.

69.     Norwegian does not have knowledge of the allegations; therefore, denied.

70.     Norwegian does not have knowledge of the allegations; therefore, denied.

71.     Norwegian does not have knowledge of the allegations; therefore, denied.

72.     Norwegian does not have knowledge of the allegations; therefore, denied.

73.     Norwegian does not have knowledge of the allegations; therefore, denied.

74.     Norwegian does not have knowledge of the allegations; therefore, denied.

75.     Norwegian does not have knowledge of the allegations; therefore, denied.

76.     Norwegian does not have knowledge of the allegations; therefore, denied.

77.     Norwegian does not have knowledge of the allegations; therefore, denied.

78.     Norwegian does not have knowledge of the allegations; therefore, denied.

79.     Norwegian does not have knowledge of the allegations; therefore, denied.

80.     Norwegian does not have knowledge of the allegations; therefore, denied.

81.     Norwegian does not have knowledge of the allegations; therefore, denied.

CASE NO.  18-cv-25203-GOODMAN

82.    Norwegian does not have knowledge of the allegations; therefore, denied.

83.    Norwegian does not have knowledge of the allegations; therefore, denied.

84.    Norwegian does not have knowledge of the allegations; therefore, denied.

85.    Norwegian does not have knowledge of the allegations; therefore, denied.

86.    Norwegian does not have knowledge of the allegations; therefore, denied.

87.    Norwegian does not have knowledge of the allegations; therefore, denied.

88.    Norwegian does not have knowledge of the allegations; therefore, denied.

89.    Norwegian does not have knowledge of the allegations; therefore, denied.

90.    Norwegian does not have knowledge of the allegations; therefore, denied.

91.    Norwegian does not have knowledge of the allegations; therefore, denied.

92.    Norwegian does not have knowledge of the allegations; therefore, denied.

93.    Norwegian does not have knowledge of the allegations; therefore, denied.

94.    Norwegian does not have knowledge of the allegations; therefore, denied.

95.    Norwegian does not have knowledge of the allegations; therefore, denied.

96.    Norwegian does not have knowledge of the allegations; therefore, denied.

97.    Norwegian does not have knowledge of the allegations; therefore, denied.

98.    Norwegian does not have knowledge of the allegations; therefore, denied.

99.    Norwegian does not have knowledge of the allegations; therefore, denied.

100.    Norwegian does not have knowledge of the allegations; therefore, denied.

101.    Norwegian does not have knowledge of the allegations; therefore, denied.

102.    Norwegian does not have knowledge of the allegations; therefore, denied.

103.    Norwegian does not have knowledge of the allegations; therefore, denied.

104.    Norwegian does not have knowledge of the allegations; therefore, denied.

MASE MEBANE & BRIGGS

105.   Norwegian does not have knowledge of the allegations; therefore, denied.

106.   Norwegian does not have knowledge of the allegations; therefore, denied.

107.   Norwegian does not have knowledge of the allegations; therefore, denied.

108.   Norwegian does not have knowledge of the allegations; therefore, denied.

109.   Norwegian does not have knowledge of the allegations; therefore, denied.

110.   Norwegian does not have knowledge of the allegations; therefore, denied.

111.   Norwegian does not have knowledge of the allegations; therefore, denied.

112.   Norwegian does not have knowledge of the allegations; therefore, denied.

113.   Norwegian does not have knowledge of the allegations; therefore, denied.

114.   Norwegian does not have knowledge of the allegations; therefore, denied.

115.   Norwegian does not have knowledge of the allegations; therefore, denied.

116.   Norwegian does not have knowledge of the allegations; therefore, denied.

117.   Norwegian does not have knowledge of the allegations; therefore, denied.

118.   Norwegian does not have knowledge of the allegations; therefore, denied.

119.   Norwegian does not have knowledge of the allegations; therefore, denied.

120.   Norwegian does not have knowledge of the allegations; therefore, denied.

121.   Norwegian does not have knowledge of the allegations; therefore, denied.

122.   Norwegian does not have knowledge of the allegations; therefore, denied.

123.   Norwegian does not have knowledge of the allegations; therefore, denied.

124.   Norwegian does not have knowledge of the allegations; therefore, denied.

125.   Norwegian does not have knowledge of the allegations; therefore, denied.

126.   Norwegian does not have knowledge of the allegations; therefore, denied.

127.    Norwegian admits that it has a place of business in Miami-Dade County, Florida. Norwegian denies the remaining allegations.

128.    Norwegian admits for the jurisdictional purposes of this action only. Norwegian denies the remaining allegations.

129.    Norwegian admits the Court has personal jurisdiction over the parties in this action for the purposes of this action. Norwegian denies the remaining allegations.

130.    Norwegian admits the Court has personal jurisdiction over the parties in this action for the purposes of this action. Norwegian denies the remaining allegations.

131.    Norwegian admits the Court has subject matter jurisdiction over this action for the purposes of this action. Norwegian denies the remaining allegations.

132.    Norwegian admits it owned and operated the *Norwegian Breakaway* at the time alleged in the Second Amended Complaint. Norwegian denies the remaining allegations.

## GENERAL ALLEGATIONS

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

MASE MEBANE & BRIGGS

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

## COUNT I

Norwegian incorporates and re-alleges its responses to the allegations contained in paragraphs 1-147.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied to all, including subparts (a) through (dd).

152.    Denied.

153.    Denied.

154.    Denied.

## COUNT II

Norwegian incorporates and re-alleges its responses to the allegations contained in paragraphs 1-148.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs were comparatively negligent for the acts alleged in this case.  Their own negligence contributed to the subject incident and their alleged injuries.  Therefore, their damages must be proportionally reduced by the proportion of their negligence.

### Second Affirmative Defense

Plaintiffs' negligence was the sole proximate cause of their alleged injuries and damages in this case.  Therefore, Plaintiffs' claims are barred as a matter of law.

### Third Affirmative Defense

Plaintiffs' alleged injuries were caused by an act of God or *force majeure*.  The alleged weather event (storm), including the way it developed or acted, was unforeseeable.  The weather at issue in this action was so extraordinary and irregular that it was not anticipated, including its location or force.  The weather occurred without human intervention and was out of Norwegian's control.

### Fourth Affirmative Defense

Plaintiffs contractually waived the claims at issue in this action by accepting the Ticket Contract.  Plaintiffs intentionally waived liability for any alleged damages for emotional distress, mental suffering, or psychological injury of any kind not resulting from a physical injury.  They acknowledged that weather may cause issues during the cruise and waived any claim arising out of same.

CASE NO.  18-cv-25203-GOODMAN

### Fifth Affirmative Defense

Plaintiffs contractually waived the claims at issue in this action by accepting the Ticket Contract.  Plaintiffs intentionally waived liability for any alleged damages arising out of an act of God.

### Sixth Affirmative Defense

Plaintiffs voluntarily and intentionally assumed the risk associated with the claims in this action.  Plaintiffs acknowledged in writing by accepting Ticket Contract that they assumed the risks associated with weather, other acts of God, or other circumstances out of the control of Norwegian.

### Seventh Affirmative Defense

Norwegian did not have actual or constructive knowledge of the condition(s) that caused the alleged injuries.

### Eighth Affirmative Defense

Plaintiffs failed to mitigate their damages by following medical care and advice. Plaintiffs failed to seek timely and/or appropriate medical and psychological treatment for their alleged injuries, and/or failed to follow the advice of their doctors and treaters which failure exacerbated the alleged injuries, and any award of damages to the Plaintiff must be proportionately reduced.

### Ninth Affirmative Defense

Plaintiffs failed to state claims upon which relief can be granted.

### Tenth Affirmative Defense

To the extent any of the Plaintiffs are minors, their claims are barred to the extent their parents, guardians, or agents negligence caused or contributed to their alleged injuries.

MASE MEBANE & BRIGGS

CASE NO.  18-cv-25203-GOODMAN

## Eleventh Affirmative Defense

Norwegian fully discharged any alleged duty to Plaintiffs by warning them of the alleged weather condition.

## Twelfth Affirmative Defense

To the extent Plaintiffs are entitled to recover damages, which Norwegian expressly denies, Plaintiffs should be precluded from: (1) collecting damages for medical expenses "written off," or otherwise reduced by medical providers, and, therefore, from (2) presenting as evidence of damages those medical charges that were "written off," or otherwise reduced, by the medical providers and never paid by anyone.

## Thirteenth Affirmative Defense

Plaintiffs are barred from recovering damages for any pre-existing injury, condition, or defect they had before the incident alleged in this case.  To the extent any pre-existing injury, condition, or defect was activated or aggravated by Norwegian's alleged negligence, which Norwegian expressly denies, Plaintiffs can only recover damages for the portion of that injury or condition that was activated or aggravated by Norwegian's alleged negligence.

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:___/s/ *William Seitz*_____
        CURTIS J. MASE
        Florida Bar No.: 478083
        cmase@maselaw.com
        WILLIAM R. SEITZ
        Florida Bar No.: 73928
        wseitz@maselaw.com

11

CASE NO.  18-cv-25203-GOODMAN

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 7, 2019, a true and correct copy of the foregoing was served

by CM/ECF on all counsel or parties of record.


*/s/ William R. Seitz*
WILLIAM R. SEITZ

CASE NO.  18-cv-25203-GOODMAN

## <u>SERVICE LIST</u>
### In re NCL (Bahamas) Ltd.
### Case No.  18-cv-25203-GOODMAN

**Counsel for Plaintiffs from *Wilson* Consolidated Case**

Ernesto Santos, Esq.
Halpern Santos & Pinkert, P.A.
150 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Tel: (305) 445-1111
Fax: (305) 445-1169
ernesto@hsptrial.com
frank@hsptrial.com
paola@hsptrial.com

**Counsel for Plaintiffs from *Vitale* Consolidated Case**

Michael A. Winkelman, Esq.
Jason Margulies, Esq.
Marc Weiner, Esq.
Daniel W. Grammes, Esq.
Lipcon, Margulies, Alsina & Winkleman, P.A.
One Biscayne Tower
2 South Biscayne Blvd, Suite 1776
Miami, FL 33133
Tel: (305) 373-3016
Fax: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
mweiner@lipcon.com
dgrammes@lipcon.com

**Counsel for Plaintiffs from Remaining Consolidated Cases**

Glenn J. Holzberg, Esq.
Holzberg Legal
7685 SW 104th Street
Miami, FL 33156
Tel: (305) 668-6410
Fax: (305) 667-6161
Glenn@holzberglegal.com
Louis@holzberglegal.com

19225//732

13